**STATE OF MISSOURI ex rel. and to Use of DETROIT STEEL PRODUCTS CO. v. CHILDERS et al.**

No. 48.

District Court, W. D. Missouri, Central Division.

Dec. 31, 1942.

McKay A. Cox and Miller & Shockley, all of Kansas City, Mo., for plaintiff.

H. P. Lauf and John O. Bond, both of Jefferson City, Mo., for defendant.

COLLET, District Judge.

The situation, simply stated, is that the Steel Company obtained copies of the plans and specifications, used their own judgment as to what equipment was called for by the plans, made an informal proposal to furnish the sash at a tentative price, and then through its agent, the B. D. R. Company, made Childers a proposal in writing to furnish the steel sash called for by the plans for $4,400.00. The proposal was accepted by Childers and the Steel Company immediately embarked upon the regular routine of filling the order. If it be contended that an acceptance by the Steel Company of the contract was necessary after its acceptance by Childers, that acceptance is demonstrated by the Steel Company's communications to the B. D. R. Company and by its action in commencing the actual performance of the contract and proceeding therewith until it learned that it had misconstrued the plans and would be required to furnish a more expensive steel sash than that it had expected to furnish. If it had been successful in convincing the State's Architect that the cheaper sash was the type called for by the plans, it would undoubtedly have gone forward with the contract. The fact that it was unsuccessful in that regard is no justification for permitting it to withdraw from the agreement made with Childers to furnish the sash the plans required.

The Steel Company knew when it made its initial proposal, after examining the plans and specifications, that in the event of a dispute concerning those plans the Architect's decision would be final. In fact, a number of years have passed since an Architect on a project of this character has failed to make himself the final judge of what his plans mean. The evidence may not disclose this. Common experience does. But the evidence does disclose that the Steel Company was accustomed to following the usual practice of submitting proposals upon which the general contractor bases his bid and then, after careful consideration of the plans, making a formal contract for a stipulated amount to furnish the materials called for by the plans. The fact that the contractor universally relies upon the comparatively informal proposal in making his bid, speaks well for the observance generally of the gentlemen's understanding that the formal contract price will not exceed the proposal. The Steel Company sent the plans to its experts before the initial proposal was made. When the formal written agreement was submitted the price was several hundred dollars less but the Steel Company was relying on no one's judgment but its

own as to what the plans called for when it made that contract. The argument that it has never authorized the contract or accepted it disregards realities and countenances a conclusion which the record definitely repudiates.

Judgment will be entered in accordance with the conclusions heretofore stated.